## THE PEOPLE *v.* HERNANDEZ.

### APPEAL from the District Court of Arecibo.

No. 72.—Decided December 12, 1905.

CRIMINAL LAW—PERJURY—INFORMATION—ESSENTIAL ELEMENTS.—An information charging the accused with having sworn that a certain person "had no right to appear on the election lists," and adding "which fact he knew to be false," is not sufficient to warrant the imputation of the crime of perjury, because it does not embrace the elements necessary to constitute that crime, since it is an indispensable requisite that the information state expressly and concisely the fact to which the accused took oath as being true knowing the same to be false.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The *fiscal* of the District Court of Arecibo filed a sworn information charging the crime of perjury (a felony) committed as follows:

"In Ciales, judicial district of Arecibo, on October 18, 1904, the defendant, Vicente Hernández, made an affidavit before the justice of the peace of said town, who has the power to administer oaths, that Miguel Padilla, who appeared in the electoral lists, did not have the right to figure therein, which fact he knew to be false; and by means of this affidavit, which he presented the same day to the judges of Precinct No. 11, comprising the *barrios* of the town of Ciales and Hato Viejo, he obtained the exclusion of said elector who was deprived of exercising his right to vote on the day of the election. This

act is contrary to the law in such case made and provided, and against the peace and dignity of The People of Porto Rico.''

The trial was held and the defendant not having shown sufficient cause why judgment should not be pronounced against him, was, on April 15th of the current year, sentenced for the crime of perjury to imprisonment for two years at hard labor in the departmental penitentiary of the Island, and to pay the costs.

The defendant took an appeal from the foregoing judgment to this Supreme Court, and here the *fiscal* asked that the judgment be affirmed.

No bill of exceptions or statement of facts was presented, nor does it appear that any motions whatever were filed.

The appellant did not appear in this Supreme Court, nor did he present a brief.

But here we find a fundamental error in the information itself. The error to which we refer consists in the fact that the information is limited to stating that the defendant, Vicente Hernandez, swore that Miguel Padilla ''did not have the right to figure in the electoral lists,'' and although it adds ''which fact he knew to be false,'' as the fact to which the affidavit refers is not stated, as the information is drawn, it appears that the opinion or belief of the defendant, with regard to the electoral right of Padilla, was erroneous, and this does not constitute the crime of perjury which consists in swearing to the truth of a material fact knowing it to be false.

It would have been different if the information had stated the fact sworn to as true knowing it to be false, which caused Padilla to lose his right to vote.

Only in this manner can the crime of perjury referred to in section 117 of the Penal Code be committed.

In view, therefore, of the provision above cited, sections 364 and 366 of the Code of Criminal Procedure, and the act of the Legislative Assembly of this Island, approved on March 30, 1904, we recommend the reversal of the judgment rendered by the Arecibo court on April 15th of the current year;

and that the defendant, Vicente Hernandez, be acquitted, with the costs against the Government; that if in confinement, he be discharged from custody; and if at liberty, that the bail be, if personal, cancelled and returned to him, if the money was deposited.

*Reversed.*

Chief Justice Quiñones, and Justices Hernandez, Mac-Leary, and Wolf concurred.